# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| ALEXANDER B. KITANO, | Civil Case No. 06-00036 |
| Petitioner, | |
| vs. | ORDER |
| GUAM TERRITORIAL PAROLE BOARD, et. al. | |
| Respondents. | |

On December 8, 2006, Plaintiff Alexander Kitano ("Kitano"), a Territory of Guam prisoner, filed a complaint pursuant to 42 U.S.C. § 1983, and a request for preliminary injunction pursuant to FED. R. CIV. PRO. 65(a). *See* Docket Nos. 1-3. On January 10, 2007, this court granted Kitano's request to proceed *in forma pauperis*. *See* Docket No. 8. On or about February 1, 2007, Kitano mailed from prison a request for leave to file a supplemental complaint, the supplemental complaint itself, and an affidavit in support of his request. *See* Docket Nos. 25 & 26. On February 5, 2007, defendants[1] filed both an answer to the original complaint and a motion to dismiss or, in the alternative, for summary judgment. *See* Docket Nos. 23 & 24. Kitano's answer to defendant's motion was filed with this court on February 28, 2007. *See* Docket Nos. 29 & 30.

---

[1] The court notes that all defendants are either employees or former employees of the Government of Guam and as such are jointly represented by the Office of the Attorney General.

***Kitano's Request to File a Supplemental Complaint.*** Pursuant to Federal Rule of Civil Procedure 15(d), Kitano requests leave of the court to file his supplemental complaint.[2] Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings. Application of the rule is favored, as a tool of judicial economy and convenience. *Keith v. Volpe,* 858 F.2d 467, 473 (9th Cir.1988), *cert. denied,* 493 U.S. 813, 110 S.Ct. 61 (1989). In fact, supplemental pleadings are deemed so useful in facilitating efficient judicial administration that the Ninth Circuit has recommended that they be allowed "as a matter of course." *Id.* The Defendants named in both documents are not prejudiced in any manner by allowing supplementation, especially since Kitano's request was made prior to the filing of Defendant's Answer or motions.[3] Accordingly, this court finds that it is appropriate to allow Kitano to supplement his complaint, his request in this regard is hereby GRANTED, and the supplemental complaint is deemed filed.

***Screening of Kitano's Complaint.*** Kitano, in his affidavit in support of his supplemental complaint, referenced that he has two writs currently pending in the Superior Court of Guam regarding this issue.[4] *See* Docket No. 26. This information was not provided

---

[2] Rule 15(d) provides:

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

[3] The postmark on the envelope containing Kitano's request is February 5, 2007. Although the documents are file-stamped February 12, 2007, they are deemed filed as of the time they were delivered to prison authorities for forwarding to the court. *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379 (1988).

[4] Kitano references Superior Court Case Nos. SP0236-04 and SP0032-06.

to the court upon filing of Kitano's inital complaint pursuant to 28 U.S.C § 1915.

Due to Kitano's *informa pauperis* status, the court must screen Kitano's complaint, including the supplemental pleadings, and must dismiss the action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[5] As explained by the Fourth Circuit Court of Appeals, "screen[ing] out meritless cases" is necessary to prevent the abuse of "free access to the courts."[6]

As a federal court, this court is a court of limited, as opposed to general, jurisdiction; it has authority to hear only specified classes of cases. It is Kitano's burden as the plaintiff to show that this court has jurisdiction to hear the claims.[7] "To sustain a claim under § 1983, a plaintiff must show: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right."[8] As explained by the United States Supreme Court, Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred."[9]

---

[5] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c)(1) (screening prisoner civil rights actions); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir.2001) (subsection (iii) requires "dismissal of *in forma pauperis* proceedings that seek monetary relief against immune defendants"); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir.1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir.1987) (deny leave to proceed IFP "at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit").

[6] *See Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 953 (4th Cir.1995) (*en banc*), *cert. denied*, 116 S.Ct. 1273 (1996), following *Neitzke v. Williams*, 490 U.S. 319, 324-328 (1989).

[7] *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Hunter v. Kalt*, 66 F.3d 1002, 1005 (9th Cir.1995).

[8] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1990)(citations omitted).

[9] *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

In conducting its review of Kitano's complaint, the court is mindful that it must liberally construe all of his pleadings and give him the benefit of any doubt.[10] Before a court may dismiss Kitano's complaint for failure to state a claim upon which relief may be granted, the court must provide him with a statement of the deficiencies in the complaint and an opportunity to amend, unless it is clear that amendment would be futile.[11] In this case, Kitano has supplemented his complaint and the court finds that any further amendment would be futile.

***Habeas Corpus Remedy.*** Kitano alleges that defendants violated his constitutional rights by transferring him off-island, by failing to timely consider him for parole, and by failing to provide him with due process at his parole hearing (by not securing his presence at the hearing itself), effectively resulting in the denial of his parole.

When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.[12] Further, "[t]he fact that [a plaintiff] seeks money damages ... as a remedy does not alter this conclusion."

---

[10] *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000) ( "Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff.... Additionally, in general, courts must construe *pro se* pleadings liberally."); *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir.1999) (self-represented prisoner's claims must be liberally construed, and given the benefit of any doubt); *Ortez v. Washington County*, 88 F.3d 804, 807 (9th Cir.1996).

[11] *See Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 824 (9th Cir.2002) ("Futility of amendment ... frequently means that "it was not factually possible for [plaintiff] to amend the complaint so as to satisfy the standing requirement."") (citations excluded); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir.1987); *see also Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir.2003) ("dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment. *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir.1996)").

[12] *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cunningham v. Gates*, 312 F.3d 1148, 1153 (9th Cir.2002), quoting *Heck*, 512 U.S. at 487 n.6 ("In evaluating whether claims are barred by *Heck*, an important touchstone is whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'"); *see also Martin v. Sias*, 88 F.3d 774 (9th Cir.1996), extending *Heck v. Humphrey* to federal prisoners and *Bivens* actions.

4

*Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir.1997). As the Supreme Court has explained, if a plaintiff's claim "for declaratory relief and money damages ... necessarily [implies] the invalidity of the punishment imposed, [it] is not cognizable under § 1983." *Edwards v. Balisok,* 117 S.Ct. 1584, 1589 (1997).

Kitano's assertions are, in effect, a challenge to the fact or duration of his confinement and as such necessarily implicate the validity of his continued confinement. *See Butterfield*, 120 F.3d at 1024 (9th Cir.1997).

> Few things implicate the validity of continued confinement more directly than the allegedly improper denial of parole. This is true whether that denial is alleged to be improper based upon procedural defects in the parole hearing or upon allegations that parole was improperly denied on the merits.

*Id.* The Court in *Butterfield* also recognized that a due process challenge to parole procedures implicates the validity of continued confinement, even when a prisoner is not challenging the validity of his conviction and the claims must be brought in a writ of habeas corpus. *Id.*

Therefore, since Kitano is effectively challenging the fact or duration of his confinement, he should file a petition for writ of habeas corpus, after first fully exhausting his available state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A).[13] Accordingly,

---

[13] The court notes that Kitano previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* CV 04-00007. This court subsequently dismissed Kitano's petition for failure to exhaust state judicial remedies under 28 U.S.C. § 2254(b)(1). *See* Order filed May 14, 2004, in CV 04-00007, Docket No. 5. In 2005, Kitano filed a writ of mandamus with this court seeking to expedite his habeas petition filed in the Superior Court of Guam (SP0236-04). Kitano's writ request was dismissed for lack of jurisdiction on July 7, 2005. *See* Docket No. 5 in CV05-00019.

5

**IT IS HEREBY ORDERED** that this case is **DISMISSED**[14] for failure to state a claim under 42 U.S.C. § 1983. Dismissal is without prejudice to filing a petition for habeas corpus under 28 U.S.C. § 2254, after all issues that Kitano wishes to raise are exhausted in state court by presentation first to the Superior Court of Guam then, if Kitano is unhappy with that result, to the Guam Supreme Court.[15]

Dated this 12th day of March, 2007.

_____
**ALEX R. MUNSON***
**United States District Judge**

---

[14] As the court has dismissed this matter, all outstanding motions are moot and no further action will be taken.

[15] See *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir.2003) ("A federal court may not grant habeas relief to a state prisoner unless he has properly exhausted his remedies in state court.... A petitioner must exhaust his state remedies by reaching the point where he has no state remedies available to him at the time he files his federal habeas petition."); *Reutter v. Crandel*, 109 F.3d 575, 577 (9th Cir.), *cert. denied*, 118 S.Ct. 142 (1997) ("Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies") (quoting *Picard v. Connor*, 404 U.S. 270 (1971)); *Zichko v. Idaho*. 247 F.3d 1015, 1022 (9th Cir.2001) ("A habeas petitioner must present his claims to the state's highest court in order to satisfy the exhaustion requirement of 28 U.S.C. §§ 2254(b)(1) and (c)").

* The Honorable Alex R. Munson, United States District Judge for the District of the Northern Mariana Islands, sitting by designation.