# DISTRICT COURT OF GUAM

# TERRITORY OF GUAM

| | |
|---|---|
| ALEXANDER BLANCO KITANO, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>GUAM TERRITORIAL PAROLE )<br>BOARD, *et al.*, )<br>)<br>Defendants )<br>_____ ) | Civil No. 06-0036<br><br>ORDER GRANTING MOTION<br>TO RECONSIDER, STRIKING<br>AND DISMISSING CERTAIN<br>CLAIMS FOR RELIEF, AND<br>SETTING DATE FOR FILING<br>MOTIONS OR ANSWER |

THIS MATTER is before the court on *pro se* plaintiff's motion for reconsideration (Docket No. 36) of this court's order of March 12, 2007 (Docket No. 33). In the interests of conserving the resources of the court and the parties, the court will decide the motion without the necessity of a response from defendants.

Plaintiff filed his civil complaint and a motion for preliminary injunction on December 8, 2006 (Docket Nos. 1 and 2). Defendants answered on February 5, 2007, and moved for summary judgment (Docket Nos. 23 and 24). On February 12, 2007, plaintiff moved to supplement his complaint by adding more parties (Docket No. 25). In its order of March 12th, the court granted plaintiff's motion to supplement the complaint, found the motions for summary judgment and preliminary injunction moot, and dismissed the complaint for failure to state a claim under 42 U.S.C. § 1983, on the ground that it challenged the fact or duration of plaintiff's confinement and that his remedies were thus limited to those available in the *habeas corpus* statutes. (Order at p. 5)

On March 29, 2007, plaintiff filed this motion for reconsideration and also a notice of appeal. Because the instant motion asks the court to alter or amend its previous judgment as provided by Fed.R.Civ.P. 59(e), the court retains jurisdiction despite the fact that plaintiff has filed a notice of appeal. *See* Fed.R.App.P. 4(a)(4)(A)(v); Tripati v. Henman, 845 F.2d 205 (9th Cir. 1988).

Plaintiff argues that the court erred in finding that he had failed to state a claim for relief pursuant to 42 U.S.C. § 1983. He relies on Wilkinson v. Dotson, 544 U.S. 74, 82, 125 S.Ct. 1242 (2005), which held that a state prisoner may file a § 1983 lawsuit (as opposed to being limited to a *habeas corpus* petition) if success in the § 1983 lawsuit would *not* necessarily demonstrate the invalidity of his confinement or

2

its duration. The court agrees with plaintiff that the relief he seeks in this § 1983 lawsuit will not, if he succeeds, necessarily demonstrate the invalidity of his confinement or its duration. Rather, he seeks a finding that he is required to be transported to Guam in order to be physically present at his parole hearings, presumably at government expense.

Plaintiff is a convicted murderer, serving his Guam territorial sentence at a federal detention facility in Pennsylvania. In his complaint as supplemented, plaintiff sues the Guam Territorial Parole Board and numerous individuals in both their official and individual capacities. He seeks relief for the alleged violation of his constitutional rights to due process (Complaint, ¶ 32) and equal protection (¶ 33). Specifically, plaintiff alleges that defendants violated his right to due process by their "failure...to return plaintiff to the geographical jurisdiction of a territorial parole board to personally appear and present documentary support for his release on parole[.]," (¶ 32), and his right to equal protection, using the same language set out immediately above, but adding to it "in the same manner as department of corrections inmates in Mangilao, Guam[.]" (¶ 33).

In his prayer for relief, plaintiff seeks a declaration that defendants have violated his constitutional rights, an injunction requiring defendants to transport him to and from Pennsylvania to the Territory of Guam for his parole hearings, full implementation of Guam law in regards to preparation time prior to a parole hearing

and annual parole eligibility determinations, and "nominal, compensatory, and punitive damages."

It is settled law that Guam, its governmental entities, and officials sued in their official capacities are not "persons" within the meaning of § 1983 and cannot be held liable for money damages under 42 U.S.C. § 1983. *See* Ngiraingas v. Sanchez, 495 U.S. 182, 191-192 (1990). Accordingly, plaintiff's demand for money damages against the Parole Board and defendants acting in their official capacities must be, and hereby is, dismissed with prejudice as a matter of law, and stricken from plaintiff's complaint. (Additionally, the members of the Guam Territorial Parole Board may not be sued in their individual capacities for money damages because they have absolute immunity. Sellars v. Procunier, 641 F.2d 1295, 1302 (9th Cir. 1981); Bermudez v. Duenas, 936 F.2d 1064, 1066 (9th Cir. 1991) (*per curiam*).)

However, an official of a state or territory is considered a "person" for § 1983 purposes when sued for injunctive relief. Guam Soc. of Obstetricians & Gynecologists v. Ada, 962 F.2d 1366, 1371 (9th Cir.), *cert. denied*, 506 U.S. 1011 (1992); *see also* Doe v. Lawrence Livermore Nat'l Lab., (9th Cir. Dec. 15, 1997) (holding that a state official is a "person" within the meaning of § 1983 in suit seeking prospective injunctive relief). This is because "official-capacity actions for prospective relief are not treated as actions against the State." Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985).

Plaintiff's claim for injunctive relief against all persons named as defendants in their individual capacities must fail as a matter of law because those defendants, acting in their individual capacities, cannot provide the relief plaintiff seeks. That is, they cannot as private individuals decide to transport him to and from Pennsylvania or undertake other steps to "correct" the deficiencies in Guam parole procedures alleged by plaintiff. Those claims are dismissed with prejudice and are hereby stricken from the complaint.

Plaintiff's § 1983 remedies, if any, are thus limited to prospective injunctive relief against persons named as defendants in their official capacities. The court will again examine plaintiff's complaint, construing the allegations in the light most favorable to him.

Parole is not a right; a state or territory need not establish a parole system. Greenholz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 99 S.Ct. 2100 (1979); Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415 (1981). In the context of state parole proceedings, due process requires no more than advance notice of the parole hearing, parole board procedures, and parole criteria, *see e.g.* Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389 (9th Cir. 1987), an opportunity to be heard, and notification of the parole board's reasons for denying parole, Bermudez v. Duenas, *supra*, 936 F.2d at 1066.

Guam law does not require that a prisoner be physically present at a parole

hearing. Title 9, Guam Code Annotated, §§ 80.70 - 80.88. The court cannot find any case that states that a prisoner has a constitutional due process right to be physically present at his parole hearing in the absence of a statute requiring physical presence. Accordingly, plaintiff's § 1983 due process claim based upon defendants' alleged "failure...to return plaintiff to the geographical jurisdiction of a territorial parole board to personally appear and present documentary support for his release on parole[.]" fails as a matter of law and that claim is dismissed with prejudice against all defendants and is stricken from the complaint.[1]

Next, plaintiff alleges that his right to equal protection under the law is violated because he does not have the *opportunity*, due to his incarceration on the mainland, to appear before the Territorial Parole Board "in the same manner as department of corrections inmates in Mangilao, Guam[.]"[2] Taking this allegation as true, as it must at this stage in the proceedings, the court cannot at this time, and on this undeveloped record, say that plaintiff can prove *no* set of facts which would entitle him to relief. Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). If Guam-housed prisoners are routinely given the opportunity to appear personally before the Parole

---

[1] The court notes that plaintiff seeks his return only so that he may be allowed to "present documentary support for his release." Plaintiff need not be physically present merely to provide documentary support for his release to the Parole Board.

[2] Although, as noted earlier, plaintiff need not be physically present to obtain the specific relief he seeks: to "present documentary support for his release."

Board, while prisoners housed off-island on the U.S. mainland are not, the court finds that a facial equal protection argument has been made out and should be addressed on a more complete record. *See e.g.* Bishop v. Moran, 676 F.Supp. 416, 421-423 (D.R.I. 1987). The same conclusion obtains in regards to plaintiff's allegations about other deficiencies in the parole procedure, as set out in paragraphs 26 and 28 of the complaint.

FOR THE REASONS STATED ABOVE, the court ORDERS:

1. That the complaint is reinstated and that the language of the complaint be and hereby is deemed amended to reflect the rulings above; and,

2. Defendants shall have until Friday, July 20, 2007 to file an answer or other responsive pleading to plaintiff's equal protection claim and allegations in paragraphs 26 and 28 of the complaint. If an answer is filed, the court will proceed to a case management conference; if motions are filed, the court will issue a scheduling order for opposition and reply briefs.

DATED this 21st day of June, 2007.

_____
ALEX R. MUNSON
Judge